E-FILED
Thursday, 18 March, 2021  02:59:00 PM
Clerk, U.S. District Court, ILCD

2439-30
JDF/tlp

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | | |
|---|---|---|---|
| KIRANKUMAR V. TOPUDURTI, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 21-cv-02049-CSB-EIL |
| | ) | | |
| TREVAR C. FISCHER, and | ) | | |
| DUCKVILLE TRUCKING, INC., a Foreign corporation, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## AGREED HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE COMING ON TO BE HEARD on the Agreed Motion for HIPAA Qualified Protective Order of the Defendants, the Court finds that good cause exists for the entry of a HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation.

Accordingly, IT IS HEREBY ORDERED:

1) All records produced by the parties to this litigation shall be produced subject to the conditions of this order.

2) This order shall apply to any records produced by a Covered Entity as defined by 45 C.F.R. 160.103 which receives a request to produce or subpoena for protected health information.

3) During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the plaintiff, KIRANKUMAR V. TOPUDURTI, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

(a) All protected health information disclosed by any of Plaintiff KIRANKUMAR V. TOPUDURTI's health care providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, discovery, depositions, trial preparation, trial, appeal and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b) Protected health information produced pursuant to this HIPAA Qualified Protective Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services and treatment for alcohol and drug abuse.

(c) Protected health information may be disclosed by any covered entity or health care provider to attorneys representing the Plaintiff and Defendants in this litigation.

(d) The parties' attorneys shall be permitted to use or disclose the protected health information of Plaintiff, KIRANKUMAR V. TOPUDURTI, to:

   (1) The parties themselves, parties' attorneys, experts, consultants, treating physicians, deponents, respondents in discovery or their attorneys, other health care providers, insurance carriers from whom damages, compensation or indemnity is sought and any entity performing monitoring or adjustment activities on behalf of such insurance carrier and/or their employees, agents or third party administrators for any of the parties involved in the litigation, in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

   (2) Prior to disclosing Plaintiff KIRANKUMAR V. TOPUDURTI's protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff KIRANKUMAR V. TOPUDURTI's protected health information may not be used or disclosed for any purpose other than this litigation.

   (3) Within 45 days after the conclusion of this litigation including appeals, the parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity

who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

Entered this 18th day of March, 2021.

                                         s/ ERIC I. LONG
                                  _____
                                                 JUDGE

39183669_1